679 F.2d 111
 UNITED STATES of America, Plaintiff-Appellee,
v.
169.86 ACRES OF LAND, More or Less, SITUATED IN the COUNTY
OF SUMMIT, STATE OF OHIO; and Robert P. Bishop;
Jeanette K. Bishop; County Treasurer,
County of Summit, et al.,
Defendants-Appellants,
Village Treasurer, Village of Peninsula; Tax Commissioner of
Ohio; Federal Land Bank of Louisville, Kentucky, Defendants.
 No. 81-3309.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 28, 1982.
Decided May 26, 1982.
 
 William E. Schultz, Asst. Pros. Atty., Akron, Ohio, James D. Kenney, III, Louisville, Ky., for defendants-appellants.
 Richard J. French, Solomon Oliver, Asst. U. S. Attys., Cleveland, Ohio, for plaintiff-appellee.
 Before LIVELY, KEITH and MERRITT, Circuit Judges.
 PER CURIAM.
 
 
 1
 Summit County Ohio appeals from an order of the district court denying its claim for real estate taxes on property which the United States took in eminent domain proceedings. The district court held that the lien for the particular taxes in question did not attach until after the United States became the owner of the land and that collection of the taxes is prohibited by the Supremacy Clause. McCulloch v. Maryland, 4 Wheat 316, 17 U.S. 316, 4 L.Ed. 579 (1819).
 
 
 2
 The condemned land had been assessed to the owners at its agricultural value rather than its best use value under Ohio taxation laws. See Ohio Revised Code (O.R.C.) § 5713.31. When land assessed at its agricultural value is converted to a non-agricultural use, Ohio law provides for recoupment "by levying a charge on such land in an amount equal to the amount of the tax savings on the converted land during the four tax years immediately preceding the year in which the conversion occurs." O.R.C. § 5713.34. This charge is made a lien of the state upon the converted land "as of the first day of January of the tax year in which the charge is levied ...." Id.
 
 
 3
 Title to the land in question passed to the United States with the entry of a consent judgment in the condemnation proceedings on November 20, 1980. However, the county auditor, pursuant to O.R.C. § 5713.35, placed the conversion charge levied under § 5713.34 on the 1981 tax list for collection along with other 1981 taxes. The district court found that the clear language of § 5713.34, "the charge shall constitute a lien ... as of the first day of January of the tax year in which the charge is levied," required it to hold that the lien for the amount equal to four years tax savings attached on January 1, 1981, after the United States had become the owner of the land.
 
 
 4
 On appeal the county contends that the district court overlooked O.R.C. § 5719.01 which provides that the lien for state taxes levied on real estate "shall attach to all real property subject to such taxes on the first day of January, annually...." The county argues that the effect of this statute (§ 5719.01) is to create a lien based on the full non-agricultural value of land, though actually assessed for its agricultural value, on the first day of each year, with payment only being deferred until conversion takes place. Under this construction, there would have been a lien based on the non-agricultural value of the condemned land in each of the four years prior to the taking, when it was in private hands.
 
 
 5
 Reading all of the code sections together we conclude that the lien referred to in § 5719.01, which attached January 1 of each year, is for taxes based on that year's assessment. With respect to the land in question the lien under § 5719.01 was for taxes on the basis of an assessment for agricultural use. Following conversion of the land to a non-agricultural use an additional lien attached to the land for a "charge" equal to the amount of tax savings during the immediately preceding four tax years. This lien attached on the first day of the tax year in which the charge was levied-1981. Thus, we agree with the district court's conclusion and determine that consideration of § 5719.01 does not require a different result.
 
 
 6
 Though it is not clear to this court that the recoupment provisions were intended to apply when the change from agricultural to non-agricultural use occurs by reason of a taking in eminent domain proceedings, this issue was not raised in the district court, and we express no opinion upon it.
 
 
 7
 The judgment of the district court is affirmed.